UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

SAMUEL MICHAEL FODALE,

    Debtor,

_____/

CROWN ENTERPRISES, INC.

    Plaintiff,

vs.

SAMUEL MICHAEL FODALE,

    Defendant.

_____/

Case No. 10-69502-wsd
Chapter 7
Hon. Walter Shapero

Adv. Proc. No. 10–7528-wsd

**OPINION DENYING MOTION TO QUASH SUBPOENAS,
LIMIT DISCOVERY, AND FOR A PROTECTIVE ORDER**

Plaintiff seeks to quash seven (7) subpoenas and notices of depositions issued by Defendant by way of a motion seeking to do so and limit discovery under Fed.R.Civ.P. 26(b)(2)(C), and for a protective order under Fed.R.Civ.P. 26(c)(1). Those seven whom Debtor/ Defendant seek to depose in this proceeding are:

    1.    Crown Enterprises, Inc.

    2.    Manuel Moroun

    3.    Matthew Moroun

    4.    Jake Howlett

    5.    Daniel Onifer

    6.    Gregory Burcz

1

7. Thomas Christ

In 2007, Plaintiff commenced a multi-count action in State Court ("State Court Action") against Debtor/Defendant and his corporation ("Fodale Group, LLC") on various alleged fraud and breach of contract grounds. During that State Court Action, those Defendants took the depositions of the following:

1. Crown Enterprises, Inc. (In the person of Thomas J. (Jake) Howlett)

2. Ken Stopczynski

3. Gregory Burcz

4. Daniel Onifer

5. Matthew Moroun

These five depositions in the State Court Action were taken between late 2008 and the late 2009. At the time they were taken, all of those deponents were then employees or affiliated with Plaintiff at times relevant to the issues in the case.

As to the proposed deponents in this proceeding, Manual Moroun and Thomas Christ, they were apparently not actually deposed in the State Court Action. The possibility they could have been but were not, is not particularly relevant to this decision.

Debtor/Defendant in this proceeding is not represented by the same counsel who represented him and his corporation in the State Court Action. This proceeding is one essentially brought under 11 U.S.C. § 523(a)(2) and (4). While not mirror images of one another the complaints in both the State Court Action and this proceeding are based on similar underlying factual allegations.

Plaintiff first argues that the taking of the indicated seven depositions in this proceeding, particularly those of the same persons or entities who were deposed in the State Court Action,

2

essentially violates the obligation to take reasonable steps to avoid unreasonable burden or expense on a person subject to the subpoena set forth in Fed.R.Civ.P. 45(c)(1); and, second, that the Court should limit discovery under Fed.R.Civ.P. 26(b)(2)(c) under the criteria therein set forth.

As to the proposed deponents in this proceeding who apparently were not deposed in the State Court Action, i.e., Manuel Moroun and Thomas Christ, Manuel Moroun, directly or indirectly is an owner and principal of Plaintiff and allegedly was either personally involved in discussions with Debtor/Defendant about the subject of this proceeding, or present at meetings in which such was discussed. The extent or lack of his knowledge of such can really only credibly and can best be determined by his answering of questions under oath in a live deposition. For purposes of the motion, Defendant need not accept the assertions in Plaintiff's pleadings as to what Manuel Moroun knows or does not know about the facts and issues in the case. Thomas Christ is one of those persons whom Plaintiff itself has identified in a pleading as being likely to have discoverable information in this proceeding. These two persons are thus both possible witnesses in the case and, whether they turn out to be witnesses or not, they also may very well have discoverable knowledge about it. No good, or indeed any credible reason has been advanced why (1) they should not be subject to being deposed, or (2) their depositions should somehow be the subject of any advance limiting or protective order.

As to the remaining proposed deponents who were in fact deposed in the State Court Action, the Court's conclusion is the same for the following reasons (which also apply to and reinforce the decision as to Manuel Moroun and Thomas Christ) : (1)-(a) while there obviously is some, maybe even extensive, factual overlap between the State Court Action and this proceeding, legally this proceeding involves discrete statutorily defined exceptions to discharge which do not necessarily

parallel all of the alleged causes of action alleged in the State Court Action; (b) this proceeding is against Debtor/Defendant individually and the State Court causes of action were against both him and his corporate entity (both of whom being now in bankruptcy); (c) in this proceeding, there is necessarily a focus and emphasis on the personal liability and non-dischargeability issues that may not have existed, at least to the same degree, in the context of the State Court Action discovery depositions, and that emphasis and focus may dictate the nature, direction, and questioning of the witnesses for discovery purposes here; (2) Debtor/Defendant is not represented by the same counsel who took and participated in the State Court depositions and case, and it would unduly limit the effectiveness of current counsel and their ability to defend the case in the way they saw fit, if they were in effect bound by the discovery decisions and actions of other counsel and what the latter did or did not do by way of discovery in the State Court Action; (3) generally speaking, it is not a bar to discovery that the same material or discovery being sought may either be in the possession of the requesting party or may be accessible from some other source; and (4) discovery is universally permitted to acquire information with which to impeach an opponent's potential witnesses, and that is highlighted where such witnesses may have been deposed in a prior proceeding in another court on a somewhat similar subject matter.

      The thrust of the applicable federal rules is that discovery can or should be limited when the burden of the proposed discovery outweighs its likely benefit, taking into account the needs and nature of the case, the amounts involved in the controversy, the parties' resources, and the importance of the proposed discovery to process of resolving the issues. This is potentially a very complex case; various counts in the Complaint in this proceeding seek non-dischargeability ranging in amounts or damages sought from $2,380,679.00 to $15,000,000 on the various § 532(a)(2)(A) and

(a)(4), counts; and include $1,500,000 on a § 523(a)(2)(B) count; those are substantial amounts which in and of themselves militate in favor of full, proper and appropriate discovery in this proceeding, related specifically to the indicated issues in this proceeding, all of which is crucial to any fair process of eventually resolving this case, one way or another; and clearly it is Debtor/Defendant's resources that are limited, not Plaintiff's; keeping in mind that it is Debtor/Defendant that is seeking the discovery Plaintiff seeks to limit.

Accordingly, the Motion to Quash Subpoenas, Limit Discovery, and for a Protective Order, is denied in its entirety, and the Court is entering an Order to that effect contemporaneously. Given the age of this proceeding, these depositions should proceed as soon as possible. That Order includes a provision that in the event the parties are unable to agree on any issues incident to the taking of such depositions, the Court will dispose of same at a hearing to be held as set forth therein; and said hearing will also be used to develop an amended scheduling order for this proceeding.

**Signed on September 12, 2012**

                                      **/s/ Walter Shapero**
                              **Walter Shapero**
                              **United States Bankruptcy Judge**